*Decisions will be entered under Rule 155.*

ALTON E. CHAMBERLIN AND LaVONA M. CHAMBERLIN, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17144–79. Filed June 23, 1982.

---

*James H. Bozarth*, for the petitioners.
*David A. Hampel*, for the respondent.

DRENNEN, *Judge*: Respondent determined a deficiency of $1,036.44 in petitioners' 1976 Federal income tax. The sole issue for decision is whether petitioners are entitled to a deduction under section 217(a)[1] for certain moving expenses.

## FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference.

Petitioners Alton E. Chamberlin and LaVona M. Chamberlin, husband and wife, resided in Roswell, N. Mex., at the time they filed their petition herein. Petitioner LaVona M. Chamberlin is a party herein solely by reason of having filed a joint return with Alton E. Chamberlin (hereinafter petitioner).

During 1976, petitioner was stationed in Honolulu, Hawaii, as a member of the U.S. Air Force. After serving 24 or 25 years of active duty, petitioner decided to retire from the Air Force. Petitioner had prospective job opportunities in Florida, Texas, and New Mexico, but was unsure of which of these locations he desired to make his final home; thus, he elected to be processed for retirement at Travis Air Force Base in California.[2]

On July 21, 1976, petitioner and his wife moved from Hawaii to Travis Air Force Base. This move was pursuant to a military order and incident to a permanent change of station in connection with retirement. In moving from Hawaii to California, petitioner incurred $1,576.50 in unreimbursed moving expenses.[3]

Petitioner and his wife stayed at Travis Air Force Base for

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year 1976.

[2]Had petitioner known where he desired to make his final home, he could have elected to be processed for retirement at a base closer to his final home.

[3]Petitioner was reimbursed for some of the moving expenses he incurred, but the record does not indicate the amount he was reimbursed.

approximately 1 week. During that time, petitioner was being processed for retirement, but he remained on active duty.

On July 31, 1976, petitioner retired from active service. Upon retirement, petitioner and his family moved to Roswell, N. Mex. In moving from Travis Air Force Base to Roswell, N. Mex., petitioner incurred unreimbursed moving expenses of $1,662.55.

As of the time of trial, neither petitioner nor his wife had worked as employees or as self-employed persons since their move to Roswell, N. Mex.[4]

For the taxable year 1976, petitioner claimed a deduction of $3,239.05[5] under section 217 for the moving expenses incurred in moving from Hawaii to California and from California to New Mexico. In his statutory notice of deficiency, respondent disallowed the moving expense deduction in its entirety.

OPINION

The sole issue is whether petitioner is entitled to a deduction under section 217 for moving expenses incurred in moving from Hawaii to California and from California to New Mexico.

Section 217(a) provides that "there shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work."

Petitioner concedes that he did not commence "work"[6] in New Mexico. However, he contends that the moving expenses of military personnel who move pursuant to a military order and incident to a permanent change of station for the purpose of retiring from the military are deductible without regard to whether the general commencement-of-work requirement contained in section 217(a) is met. Accordingly, he argues that the entire moving expenses incurred in moving from Hawaii to

---

[4]At trial and on brief, petitioner contended that he was self-employed in Roswell, N. Mex. However, in his reply brief, petitioner concedes that, for purposes of sec. 217, he was not self-employed in Roswell, N. Mex.

[5]This figure was composed of $1,576.50 in unreimbursed moving expenses incurred in moving from Hawaii to California and $1,662.55 in unreimbursed moving expenses incurred in moving from California to New Mexico.

[6]When used herein, the term "work" will be used in the statutory sense, i.e., as an employee or as a self-employed individual.

California and from California to New Mexico are deductible under section 217.[7] Alternatively, petitioner contends that, if the general commencement of work requirement of section 217(a) is applicable, he met this requirement when he moved to Travis Air Force Base in California since he was still on active duty, and thus the moving expenses incurred in that move are deductible.

Respondent counters that the general commencement-of-work requirement contained in section 217(a) applies to retiring military personnel. Respondent further asserts that the moving expenses incurred in moving from Hawaii to California are not deductible since that move and the subsequent move to New Mexico should be viewed as one continuous move to New Mexico, where petitioner must have commenced work to be entitled to the deduction. Since petitioner has conceded he did not do so, respondent concludes that none of the moving expenses are deductible. Respondent alternatively contends that, if the moves are viewed as two separate and distinct moves, petitioner still is not entitled to deduct the expenses attributable to the move to California since he went there to retire, not to commence work.

Turning to the first issue, we agree with respondent that the general commencement-of-work requirement contained in section 217(a) applies to retiring military personnel unless they qualify for a deduction for moving expenses under section 217(i). Petitioner relies on section 217(g) in arguing that such requirement is inapplicable.

Section 217(g) provides in pertinent part that, in the case of a member of the Armed Forces of the United States on active duty who moves pursuant to a military order and incident to a permanent change of station, the time and distance limitations under section 217(c) shall not apply.[8] Section 217(g) does not purport to remove the general commencement-of-work

---

[7]In this connection, petitioner argues that the entire move from Hawaii to New Mexico should be treated as one move.

[8]Sec. 217(c), in general, provides that no deduction shall be allowed for moving expenses unless the taxpayer's new principal place of work is at least 35 miles further from his former residence than was his former principal place of work and during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks.

requirement for members of the Armed Forces and thus does not support petitioner's position.[9] Furthermore, we note that section 217(g)(3) has removed the commencement-of-work requirement for spouses of members of the Armed Forces in certain circumstances by providing that, "if moving and storage expenses are furnished * * * to such member's spouse * * * with regard to moving to a location other than the one to which such member moves * * * this section shall apply * * * as if his spouse commenced work as an employee at a new principal place of work at such location." Since Congress expressly removed the commencement-of-work requirement for spouses of Armed Service personnel if section 217(g)(3) is met, we believe that, had it desired to do so for members of the Armed Forces, it would have so provided.[10] Thus, we find no support for petitioner's contention that the commencement-of-work requirement does not apply to retiring military personnel such as himself.

Petitioner alternatively contends that if the commencement-of-work requirement is applicable, he met that requirement in California and, therefore, the moving expenses incurred in moving from Hawaii to California are deductible. Respondent counters that the move from Hawaii to California

---

[9] It is somewhat clear from the Conference report on the 1976 Tax Reform Act (Pub. L. 94–455, Oct. 4, 1976) that in enacting sec. 217(g), Congress was not concerned with moving expenses of members of the Armed Forces who were retiring but rather with members who were on active duty and received orders incident to a permanent change of station, possibly for a short period of time. The report states in part, "With regard to military moves, the Conference agreement * * * exempts military moves from the time and mileage requirements." S. Rept. 94–1236 (Conf.) at 434 (1976), 1976–3 C.B. (Vol. 3) 807, 838. The statute itself specifically exempts from military moves the limitations under subsec. (c) (see sec. 217(g)(1)), but says nothing about the commencement-of-work requirement of sec. 217(a). We think it must have been assumed that a member of the Armed Forces on active duty who was ordered to move incident to a permanent change of station would continue working as an employee at his new principal place of work and that there was no need to exempt him from the commencement-of-work requirement of sec. 217(a).

[10] Petitioner also contends that sec. 1.217–2(g)(1), Income Tax Regs., which sets forth the rules for members of the Armed Forces, supports his position. Specifically, petitioner asserts that sec. 1.217(g)(1), Income Tax Regs., lists the various subsections of the sec. 217 regulations that apply to members of the Armed Forces, and since sec. 1.217–2(a)(3), Income Tax Regs., which contains the general commencement-of-work requirement, is not listed therein, petitioner concludes that it must not apply to members of the Armed Forces. We disagree. The general commencement-of-work requirement is not only set forth in sec. 1.217–2(a)(3), Income Tax Regs., but is also contained in sec. 1.217–2(a)(1), Income Tax Regs., which is listed in sec. 1.217–2(g)(1), Income Tax Regs., and therefore is applicable to members of the Armed Forces.

and from California to New Mexico should be viewed as one continuous move from Hawaii to New Mexico since petitioner stayed in California only temporarily. Respondent then concludes that, since petitioner did not commence work in New Mexico, he is not entitled to deduct any of the moving expenses incurred. We disagree with respondent and hold that the two moves of petitioner cannot be combined so as to deny petitioner the deduction for the expenses incurred in moving to California.

Respondent, in arguing that the two moves should be viewed as one continuous move, relies upon our holding in *Nico v. Commissioner*, 67 T.C. 647 (1967), revd. and remanded on other grounds 565 F.2d 1234 (2d Cir. 1977). Respondent's reliance on that case is misplaced. In *Nico*, the taxpayers traveled from Manila to San Francisco and remained there approximately 4 months. The taxpayers worked during the time they stayed in San Francisco. Subsequently, the taxpayers traveled to New York where they again commenced work. The taxpayers deducted their moving expenses incurred in their move from Manila to San Francisco and in their move from San Francisco to New York. Respondent disallowed the moving expenses incurred in the move from Manila to San Francisco since the taxpayers had failed to satisfy the requirements of section 217(c)(2) that during the 12-month period immediately following their arrival in San Francisco they remain full-time employees during at least 39 weeks. The taxpayers argued that their stay in San Francisco constituted a stopover and not a new principal place of work and, therefore, the total moving expenses of moving from Manila to New York should be deductible. We stated that resolution of this issue depended on whether the taxpayers' stay in San Francisco constituted a mere stopover or whether San Francisco was petitioners' new principal place of work. In denying the deduction, we held that San Francisco was not a mere stopover but rather was the taxpayers' new principal place of work.

In the instant case, California similarly was not a mere stopover for petitioner, but rather it was his "new principal place of work." The principal place of work usually is the place where the taxpayer spends most of his working time. Sec. 1.217–2(c)(3), Income Tax Regs. Once petitioner arrived at

Travis Air Force Base, he spent *all* of his working time there and thus it clearly was his new principal place of work.

Furthermore, the fact that petitioner was in California temporarily and, therefore, was arguably only there for a stopover is not relevant. Section 217(g) relieves military personnel of the 39-week rule contained in section 217(c) with the result that military personnel are entitled to the moving expense deductions regardless of how long they remain employed at the new location.[11] Therefore, the two moves cannot be combined to treat them as one continuous move so as to deny petitioner the deduction for the expenses incurred in moving to California.[12]

Respondent argues that if the moves by petitioner are to be viewed as two separate and distinct moves, then petitioner is still not entitled to the moving expense deduction since he did not go to California to commence work, but rather to retire. We again disagree.

Section 1.217–2(a)(3)(i), Income Tax Regs., defines commencement of work as including "the beginning of work by a taxpayer for the same employer * * * at a new location." It is clear that petitioner was still with his same employer, the U.S. Air Force, at a new location in California. The only question is whether the "commencement of work" requirement was met. That petitioner, while stationed in California, was still on active duty and was being paid for the services he was rendering clearly shows that he commenced employment in California. The fact that petitioner was to terminate his services and go off active duty in 7 days does not mean that he

---

[11]Sec. 217(g) was enacted specifically to relieve military personnel of the special hardship of the mileage limitation and the 39-week work rule contained in sec. 217(c). See Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, Pub. L. 94–955, 1976–3 C.B. (Vol. 2) 146. If we were to require that petitioner remain for some length of time in California before he would be entitled to the moving expense deduction, we would, in effect, be holding that a time limitation does apply to members of the Armed Services. Since Congress has seen fit to remove any time limitation as to members of the Armed Forces, we do not believe we should now impose one.

[12]Petitioner also contends that the two moves should be viewed as one continuous move to New Mexico and that *all* his moving expenses are deductible by reason of his commencing employment in California. Since it is necessary to commence employment in the place he is moving to, petitioner clearly is not entitled to the portion of the expenses attributable to his move from California to New Mexico. See *Nico v. Commissioner*, 67 T.C. 647 (1967), revd. and remanded on other grounds 565 F.2d 1234 (2d Cir. 1977).

never commenced work in California, but rather, it merely shows that petitioner worked a short time in California.

Further support for our holding can be found in section 1.217–2(g)(3), Income Tax Regs. Subparagraph (ii) provides that the term "permanent change of station" includes "a move from the last post of duty to home or a nearer point in the United States in connection with retirement." Subparagraph (iii) provides that it also includes "a move from one permanent post of duty to another permanent post of duty at a different duty station, even if the member separates from the Armed Forces immediately or shortly after the move."

In summary, by virtue of petitioner's being on active duty at Travis Air Force Base—his new principal place of work— petitioner met the statutory requirements and is entitled to deduct the expenses incurred in moving to California.[13] However, since petitioner did not commence work in New Mexico, he is not entitled to deduct the expenses incurred in moving from California to New Mexico.[14]

*Decision will be entered under Rule 155.*

---

[13]We also note that had petitioner been reimbursed for his moving expenses for a move made while on active duty pursuant to a military order and incident to a permanent change of station in connection with retirement, the reimbursement, to the extent that it does not exceed the actual expenses, would not have been income to him and no reporting with respect to such expenses would have been required by the Secretary of Defense. See sec. 217(g)(2) and sec. 1.217–2(g)(2)(ii), Income Tax Regs.

[14]Petitioner suggested that sec. 217(i), allowing deductions for moving expenses for retirees, might help him. However, that section is effective for years beginning after 1977; furthermore, it applies only to employees moving from a principal place of work located outside the United States to a principal residence inside the United States incident to retirement. Hawaii is not outside the United States.

